UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case Number 25-20030

v.                                              Honorable David M. Lawson

RICARDO FONVILLE and JUSTIN HORNE,

                Defendants.

_____/

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d) and Eastern District of Michigan, Michigan Local Criminal Rule 1.1 (incorporating E.D. Mich. LR 1.1(c) and 26.4), and the stipulation of the parties, the following is **ORDERED**:

1.      This protective order shall govern the production of evidence from cellphone forensic extractions that contain personal identifying information ("Protected Information") and information unrelated to the investigation, including forensic extractions of cellphones that the government alleges were found in the defendant's possession, and forensic extractions of cellphones that the government alleges were found in the codefendant's possession.  The terms of this order apply to both categories of extractions (the "Phone Extractions").

2.      The government shall provide the Phone Extractions to defense counsel through its secure file-sharing platform (USAfx), electronically on encrypted media (e.g., a CD, DVD, or hard drives provided by defense counsel), or through email.

3.      The government shall not be required to redact or segregate relevant information due to the volume of the data involved in the disclosures.

4.      To protect the privacy of individuals whose Protected Information is included in the Phone Extractions, the following restrictions shall be observed:

      a.      Defense counsel will keep custody of the Phone Extractions and will not make any copy unless otherwise expressly permitted by the Court. Counsel may download and save copies of the data files while the case is pending.

      b.      Defense counsel will only allow viewing of the Phone Extractions by (i) individuals who are employed by or work with defense counsel for purposes of preparing the defense in this matter, e.g., paralegals or investigators, and (ii) the defendants.

      c.      The defendants only will be permitted to view Phone Extractions in defense counsel's presence and may not receive or maintain copies of the data files, except for detained defendants as described below. The defendants will not be permitted to maintain any notes they make about the Phone Extractions, except for detained defendants as described below.

5.      Detained defendants may be permitted to view the discovery without defense counsel only if the defendant and the detention facility can comply with the following restrictions:

      a.      If defense counsel provides a laptop with an external hard drive and discs for the drive or USB flash drives, they can include only the discovery in this case. The laptop, external hard drive and any discs or USB flash drives will be labeled with the defendant's name.

      b.      The defendant's access to, and use of, a laptop inside the facility shall be governed by the facility's "Electronic Discovery Review Agreement," or similarly named agreement.

      c.      During a date and time set by the facility administrators, the defendant may access the laptop in a location designated by the facility administrators.

      d.      The laptop, external hard drive, discs and USB flash drives will be stored by facility officials in a secure area; the defendant will not maintain possession of the laptop, external hard drive, discs or USB flash drives beyond the designated discovery review hours.

    e.  Any notes created by the defendant related to the Phone Extractions in any way shall be maintained with the laptop, external hard drive, discs and USB flash drives.

    f.  After the defendant has completed the discovery review session, the defendant shall not be permitted to keep or take with him any discovery materials in any form.

  6.  Defense counsel is permitted to use the Phone Extractions in court hearings in this matter as necessary to the defense and as otherwise permitted by the Federal Rules of Evidence and Criminal Procedure.

  7.  At the conclusion of this matter, defense counsel will be required to delete the Phone Extractions and confirm to the government that they have done so.

  8.  This Protective Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

9. If a defendant anticipates filing material that has been designated as Protected Information and subject to the provisions of this order, then he or she must provide reasonable notice to the government of the proposed filing, so that the government will have sufficient time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of confidential information under seal, in a good faith attempt to reach an agreement regarding whether the confidential information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 8 and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the designating party may file a motion in compliance with paragraph 8 and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 24, 2025